IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KEMP JUNIOR BAILEY,         )
                             )
        Plaintiff,            )
                             )
v.                           )     Civil Action No. 2:12CV551-SRW
                             )
MICHAEL J. ASTRUE,       )
Commissioner of Social Security,   )
                             )
        Defendant.      )

## MEMORANDUM OPINION and ORDER

### Procedural Background

On October 4, 2012, the Commissioner filed a motion to dismiss plaintiff's complaint as untimely, as it was filed beyond the 60-day statute of limitations established by 42 U.S.C. § 405(g) for judicial review of final decisions of the Commissioner (Doc. # 9). The Commissioner attached to his motion the declaration of Patrick J. Herbst , the Social Security Administration's Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Office of Disability Adjudication and Review. (Doc. # 9-1). Plaintiff responded to the motion to dismiss one day after it was filed, without awaiting an order from the court. (Doc. # 10). Upon review of the motion, the court concluded that it would consider Herbst's affidavit in resolving the motion. Because the timeliness issue before the court is not jurisdictional,[1] the court entered an order notifying the parties that it would

---

[1] See Bowen v. City of New York, 476 U.S. 467, 478 and n. 10 (1986).

consider the affidavit and, pursuant to Fed. R. Civ. P. 12(d), would treat the motion as one for summary judgment.[2]  In the order, the court allowed plaintiff additional time to respond to the motion for summary judgment.  (Doc. # 13).  The day before plaintiff's response was due, his attorney telephoned chambers, expressing confusion about how to respond to the court's order converting the motion to one for summary judgment.  The court, accordingly, entered an order advising the parties that "[t]he procedure for responding to summary judgment is set forth in Fed. R. Civ. P. 56."  (Doc. # 14).  Plaintiff filed no additional response to the motion and has sought neither an extension of time to do so nor any other appropriate relief pursuant to Rule 56(d).  Upon consideration of the Commissioner's motion for summary judgment, the court concludes that the motion is due to be granted.

## Summary Judgment Standard

A party seeking summary judgment bears the initial burden of demonstrating to the court the basis for its motion, and identifying those portions of the materials in the record that it believes show an absence of any genuine issue of material fact.  Fed. R. Civ. P. 56(c); Hairston v. Gainesville Publishing Co., 9 F.3d 913 (11th Cir. 1993).  For summary judgment purposes, an issue of fact is "material" if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue

---

[2]  The court must treat a motion to dismiss for failure to state a claim as one for summary judgment, and allow the parties a reasonable opportunity to present matters in opposition to the motion, if "matters outside the pleadings are presented to and not excluded by the court[.]"  Fed. R. Civ. P. 12(d); see also Doc. # 13 at n. 1.

of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party.  Matsushita Electrical Industrial Company v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  The court must view the evidence, and all factual inferences properly drawn from the evidence, in the light most favorable to the nonmoving party.  Welch v. Celotex Corp., 951 F.2d 1235, 1237 (11th Cir. 1992); Rollins v. TechSouth, Inc., 833 F.2d 1525, 1528 (11th Cir. 1987).  It is improper for this court to weigh conflicting evidence or make credibility determinations; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.  Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment."  Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989) (citation omitted).

Where the moving party will bear the burden of proof at trial,

that party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993)(quoting United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991)(en banc)).

## Discussion

The statute of limitations for commencing an action seeking review of a final decision

of the Commissioner denying Social Security benefits is set forth in 42 U.S.C. § 405(g),

which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The Commissioner has provided by regulation that a civil action may be commenced within

> ... 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council is received by the individual ... except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary... .

20 C.F.R. § 422.210(c).

In his declaration, Herbst states that the Appeals Council sent its notice of action to

the plaintiff, with a copy to plaintiff's representative, on April 10, 2012. The notice advised

plaintiff of the requirement that he file a civil action within 60 days of receipt of the Appeals

Council's letter, of the presumption of receipt five days after the date of the letter, and also

how to request an extension of the 60-day filing period from the Appeals Council. (Doc. #

9-1, ¶ 3(a); see also id., Exhibit 2 to Herbst declaration ("Notice of Appeals Council Action"

dated April 10, 2012, denying plaintiff's request for review).[3]

---

[3] Plaintiff's counsel represents in her brief in opposition to the motion to dismiss that plaintiff's former attorney advised him "[a]t some point after April 10, 2012" that she did not handle

4

Plaintiff does not contend and has made no showing that he received the final administrative decision later than presumed by operation of the Commissioner's regulation. He concurs that he had until June 15, 2012, to file his complaint.  (See Doc. # 10, ¶ 4). By facsimile transmission at 7:39 p.m. on June 25, 2012, plaintiff's counsel sent a letter addressed to the Appeals Council requesting an extension of the filing period.  (Doc. # 10-1).[4]  The next day, eleven days after the expiration of the filing period, the present complaint was filed.  (Doc. # 1).  In her letter to the Appeals Council, plaintiff's counsel states that she first became aware of plaintiff's appeal on June 4, and that she received the necessary documents from plaintiff on June 11, 2012.  (Doc. # 10-1).  Plaintiff's counsel is in Birmingham (see counsel's address on letter to Appeals Council), and the Clerk's office for this court is in Montgomery.  Even though the 60-day filing period expired only four days after she received the documents from plaintiff, plaintiff's counsel "posted" plaintiff's

_____

appeals to federal district court and that he "subsequently" contacted his present attorney, who "undertook to represent the Plaintiff before this Honorable Court with the posted receipt of the forms for representation on June 8, 2012." (Response to Motion to Dismiss, Doc. # 10, ¶¶ 2-3).

    [4]  Plaintiff's counsel, in her brief, represents that the fax confirmation she attaches to her response demonstrates that her request for extension "was successfully sent by fax to the Appeals Council." (Doc. # 10, ¶ 5). "Unsworn statements, even from *pro se* litigants, should not be 'consider[ed] in determining the propriety of summary judgment.'" McCaskill v. Ray, 279 Fed. Appx. 913 (11th Cir. 2008)(citation omitted).  Thus, the statements of counsel in her brief and the statements included in counsel's unsigned letter addressed to the Appeals Council do not constitute competent evidence on the present motion for summary judgment.  The motion is due to be granted on that basis alone.  The court has evaluated the statements to determine whether – if they had been presented in proper form – they would have affected the outcome of the motion, and determined that they would not have changed the result, for the reasons stated in this opinion. By discussing the unsworn representations of plaintiff's counsel, the court intends no suggestion that they are admissible.

complaint to the court on June 14, 2012, the day before the filing deadline.  (See Doc. # 10-1).  According to plaintiff's counsel's letter, she became concerned "because of the narrow window for appeal" when she did not receive a filing confirmation from the court, and "contacted the court to find that the complaint packet had not been received."  (Id.).  She further states, in her letter to the Appeals Council, that she "then resent the packet on June 25th, 2012."[5]  (Id.).  Herbst testifies that – based on information available to him from plaintiff's electronic folder at the time he signed his declaration on August 6, 2012 – he was not aware of any request for extension of time to file a civil action.  (Doc. # 9-1, ¶ 3(b)).  The record includes no evidence or suggestion that the Appeals Council has extended the filing period.[6]  In the absence of such an extension, the court cannot conclude that the present action was filed in a timely manner.

    Although the plaintiff has not raised it, the court has considered whether plaintiff may be entitled to equitable tolling. The Eleventh Circuit has held that a plaintiff seeking equitable tolling of the filing period of 42 U.S.C. § 405(g) must "justify [his] untimely filing by a showing of extraordinary circumstances." Jackson v. Astrue, 506 F.3d 1349, 1353 (11th

---

[5]  Counsel's letter to the Appeals Council is dated June 22 but, according to the e-mail fax confirmation, was transmitted to the Appeals Council on the evening of June 25, 2012.  (Doc. # 10-1, pp. 2-3).

[6]  On October 4, 2012, the Commissioner served plaintiff's counsel with Herbst's declaration indicating that, as of August 6, 2012, plaintiff's June 25, 2012, request for extension had not been included in plaintiff's electronic file.   Plaintiff has since provided the court with no update on the status of his request, and the Commissioner's counsel has not notified the court that the Appeals Council has granted plaintiff an extension of time to commence a civil action.

Cir. 2007)(referring to its earlier holding in an unpublished opinion, <u>Waller v. Commissioner of Social Security</u>, 168 Fed. Appx. 919 (11th Cir.)(*per curiam*), *rehearing and rehearing en banc denied*, 179 Fed. Appx. 686 (2006)); <u>see also</u> <u>Bowen</u>, 476 U.S. at 481 ("In addition to serving its customary purpose, the statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government.  Tolling, *in the rare case* such as this, does not undermine the purpose of the 60-day limitations period[.]")(emphasis added; footnote omitted).  In <u>Jackson</u>, the Eleventh Circuit stated,

> [W]hile we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply "traditional equitable tolling principles." And traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment.

<u>Jackson</u>, 506 F.3d at 1355 (emphasis in original).

The procedural facts in the present case are similar to those before the <u>Waller</u> court.  In <u>Waller</u>, the plaintiff had sent a letter to the Commissioner's Office of General Counsel, dated August 27, 2004, requesting an "'extension of time to hire an attorney to file a civil action.'" 168 Fed. Appx. at 920.   His filing period expired on October 18, 2004; plaintiff filed his complaint on November 8, 2004.  The Commissioner filed a motion to dismiss or, in the alternative, for summary judgment, contending that plaintiff's claim was untimely and the circumstances did not warrant equitable tolling.  As in this case, the Commissioner filed

7

a supporting declaration from an Appeals Council administrator, stating that he was not aware, at the time he signed the declaration, of plaintiff's request for an extension of time to file a civil action. 168 Fed. Appx. at 920. Also attached to the Commissioner's motion was the plaintiff's August 27, 2004 letter requesting an extension of time. Id. The district court granted the motion for summary judgment. Id. The Eleventh Circuit affirmed the district court's decision, concluding that the plaintiff's affidavit regarding his inability to act due to his mental illness was insufficient to require equitable tolling. Id. at 921-22. In reaching this conclusion, the Eleventh Circuit noted that plaintiff had requested an extension of time from the OGC and, also, that he had visited an attorney and provided her with documents before the expiration of the limitations period. Id.

In the present case, plaintiff's counsel states in her letter to the Appeals Council that she "posted" plaintiff's complaint to this court on June 14, 2012. As noted above, June 14th was the day before plaintiff's filing deadline. Plaintiff's counsel learned later that the complaint was not received by the Clerk. The fact that this court did not receive the complaint the day immediately following its mailing is not an extraordinary circumstance warranting equitable tolling. In Jackson, in determining the standard to be applied for equitable tolling of § 405(g)'s limitations period, the Eleventh Circuit observed, "In [Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999), *rehearing and rehearing en banc denied,* 207 F.3d 666 (2000)], we refused to equitably toll the [Antiterrorism and Effective Death Penalty Act's] statute of limitations, noting that 'Sandvik's motion was late because

8

his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami. While we agreed that 'the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier.'" Jackson, 506 F.3d at 1355 (internal citations omitted)[7]; id. at 1356 (referring to Sandvik's attorney's conduct as "negligence"). Even if the conduct of plaintiff's counsel could be characterized as "excusable," it would not justify equitable tolling of the limitations period. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)("[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect."). Thus, even if plaintiff had presented the reasons for his late filing through competent evidence, he would not have been entitled to equitable tolling of the limitations period.

**Conclusion**

The Commissioner has presented evidence that plaintiff filed the present action after the expiration of the limitations period specified by § 405(g). Plaintiff has failed to demonstrate the existence of a genuine issue of material fact in the manner required by Fed. R. Civ. P. 56(c) or to seek any relief pursuant to Fed. R. Civ. P. 56(d). Accordingly, it is

ORDERED that the Commissioner's motion for summary judgment is GRANTED.

---

[7] In Sandvik, plaintiff's deadline for filing a 28 U.S.C. § 2255 petition expired on April 24, 1997. According to the certificate of service attached to the petition, plaintiff's counsel had mailed it on April 18, 1997; it was file-stamped by the Clerk's office on April 25, 1997, one day after the filing deadline. 177 F.3d at 1270.

9

A separate judgment will be entered dismissing this action.

      DONE, this 26th day of November, 2012.

                    /s/ Susan Russ Walker
                    SUSAN RUSS WALKER
                    CHIEF UNITED STATES MAGISTRATE JUDGE